UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINIC SOKUNBI-JONES, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>SOTTILE SECURITY INTERNATIONAL, INC., and SOTTILE SECURITY SERVICES, INC., and DOES 1-100.<br><br>Defendant. | No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dominic Sokunbi-Jones ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Defendant Sottile Security International, Inc. (the "Company" or "Defendant"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1.  Plaintiff was formerly a "Security Officer" employed by Sottile Security International, Inc., and brings this action on his own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Sottile Security International, Inc. for violations of: (1) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the spread of hours and split shift requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); (4)

1

the wage statement and notice requirements of NYLL § 195; and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

2. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Sottile Security International, Inc. as "Security Officer," or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

## THE PARTIES

5. Plaintiff Dominic Sokunbi-Jones resides in Queens County, New York. Dominic Sokunbi-Jones was employed by Sottile Security International, Inc. from in or around July 16, 2017 through January 2, 2018. At all relevant times, Plaintiff Dominic Sokunbi-Jones was an "employee" within the meaning of the FLSA and NYLL.

6. Sottile Security International, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 40 Exchange Place, Suite 400, New York, New York, 10005. At all relevant times, Sottile Security International, Inc. was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

7.      Plaintiff bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by Sottile Security International, Inc. as a SECURITY OFFICER, or other similar jobs, at any location operated by Sottile Security International, Inc. in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were entitled to (i) minimum wage; (ii) overtime compensation; (iii) wage statements; (iv) wage notices; and (v) spread of hours compensation.

8.      Sottile Security International, Inc. employed Plaintiff Dominic Sokunbi-Jones and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiff as non-exempt from the minimum wage and overtime requirements of the FLSA.

9.      Sottile Security International, Inc. meets the definition of an "employer" under the FLSA. By way of examples only, Sottile Security International, Inc. controls how much the FLSA Collective Action members are paid, maintains all-time records for the FLSA Collective Action members, assigns and supervises all of the tasks given to the FLSA Collective Action members, and maintains and exercises control as to how the FLSA Collective Action members are to perform their tasks.

10.     Each of the FLSA Collective Action members are or were non-exempt employees entitled to compensation at or above the minimum wage for all hours worked.

11.     However, during the FLSA Collective Action period, Sottile Security International, Inc. failed to pay the Collective Action members the minimum wage—or even any wage at all—for all hours worked.

12.     Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

13. However, at all times during the FLSA Collective Action period, Sottile Security International, Inc. failed to pay the Collective Action members overtime premiums for all hours worked in excess of 40 per workweek.

14. Sottile Security International, Inc.'s conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Action members.

15. Sottile Security International, Inc. is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

16. There are, upon information and belief, more than 40 similarly situated current and former employees of Sottile Security International, Inc. who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Sottile Security International, Inc. and are readily identifiable through Sottile Security International, Inc.'s records.

## CLASS ACTION ALLEGATIONS

17. Plaintiff bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Sottile Security International, Inc. as Security Officer, or other similar jobs, at any location operated by Sottile Security International, Inc. in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were entitled to: (i) minimum wage and (ii) overtime compensation.

18. At all times during the time period relevant to the New York Class, Sottile Security International, Inc., as a matter of policy, (i) did not pay Plaintiff or the New York Class

any wages or the applicable minimum wage for all hours worked; (ii) did not pay Plaintiff or the New York Class any wages or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek; and (iii) did not pay Plaintiff or the New York Class spread of hours or split shift compensation.

19. The facts as alleged in the above paragraphs with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

20. Sottile Security International, Inc. failed to make, keep and/or preserve accurate records with respect to Plaintiff and the New York Class and failed to furnish to Plaintiff and the New York Class an accurate wage statement, in violation of the NYLL and supporting New York State Department of Labor regulations.

21. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Sottile Security International, Inc. employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

22. Typicality: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class period, Sottile Security International, Inc. subjected Plaintiff and the members of the New York Class to same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL.

23. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

25. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Sottile Security International, Inc. violated the NYLL as alleged herein;

    b. Whether Sottile Security International, Inc. unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

    c. Whether Sottile Security International, Inc. unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    d. Whether Sottile Security International, Inc. unlawfully failed to pay spread of hours or split shift compensation to members of the New York Class in violation of NYLL;

    e. Whether Sottile Security International, Inc. employed Plaintiff and the New York Class within the meaning of New York law;

    f. Whether Sottile Security International, Inc. should be enjoined from continuing the practices that violate the NYLL;

    g. What the proper measure of damages sustained by the New York Class are; and

    h. Whether Sottile Security International, Inc.'s actions were "willful."

26. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent

or varying adjudications and create the risk of incompatible standards of conduct for Sottile Security International, Inc. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Sottile Security International, Inc.'s common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Sottile Security International, Inc.'s practices.

28. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Sottile Security International, Inc.

**INDIVIDUAL FACTUAL ALLEGATIONS**

29. As outlined above, Sottile Security International, Inc. employed Plaintiff Dominic Sokunbi-Jonesas a "Security Officer" from approximately July 16, 2017 through January 2, 2018.

30. As a Security Officer, Plaintiff Dominic Sokunbi-Jones was primarily responsible for patrolling around assigned premises to deter unwanted guests, posting flyers on the notice board, answering calls from tenants, dispatching to maintenance, documenting complaints from

tenants to send to management, closing and opening approximately forty Laundromats, and towing vehicles that were illegally parked.

31. At all times during employment, Sottile Security International, Inc. classified Plaintiff Dominic Sokunbi-Jones as a non-exempt employee entitled to the protections of the FLSA and NYLL.

32. Sottile Security International, Inc. compensated Plaintiff Dominic Sokunbi-Jones on on an hourly basis.

33. During many weeks of employment, Sottile Security International, Inc. required Plaintiff Dominic Sokunbi-Jones to work in excess of 40 hours per week.

34. By way of example, during the week of August 27, 2017 to September 2, 2017, Plaintiff Dominic Sokunbi-Jones worked a total of 48.5 hours, based on the following work schedule:

   i. Sunday, from 12:00 AM to 8:00 AM, then 8:00 AM to 4:00 PM (i.e., sixteen hours);

   ii. Monday, from 12:00 AM to 8:00 AM (i.e., eight hours);

   iii. Tuesday, from 12:00 AM to 8:00 AM (i.e., eight hours);

   iv. Wednesday, from 12:00 AM to 8:00 AM (i.e., eight hours);

   v. Friday, from 12:00 AM to 8:00 AM (i.e., eight hours); and

   vi. Saturday, from 12:00 AM - 8:30 AM (i.e., eight and a half hours)

35. Sottile Security International, Inc. did not provide compensation for all hours worked.

## FIRST CAUSE OF ACTION
### (FLSA: Unpaid Minimum Wage)

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

37. As outlined above, during the relevant time period, Sottile Security International Inc.'s practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff and the members of the FLSA Collective Action by, among other things, failing to pay them the applicable minimum wage for all hours worked.

38. Accordingly, Plaintiff and the members of the FLSA Collective Action are entitled to the difference between the wages paid by Sottile Security International, Inc. and the FLSA minimum wage as damages for Sottile Security International, Inc.'s violations of the FLSA's minimum wage provisions.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

40. Plaintiff and the members of the FLSA Collective Act seek recovery of their attorneys' fees and costs to be paid by Sottile Security International, Inc., as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

41. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42. During the relevant time period, Plaintiff and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Sottile Security

9

International, Inc.'s above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

43. Despite the hours worked by Plaintiff and the members of the FLSA Collective Action, Sottile Security International, Inc. willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Collective Action appropriate overtime compensation.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

45. Plaintiff and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Sottile Security International, Inc., as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (NYLL: Unpaid Minimum Wage)

46. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

47. As outlined above, Sottile Security International, Inc.'s pay practices failed to pay Plaintiff and the members of the New York Class a minimum wage required by the NYLL.

48. Accordingly, Plaintiff and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the wages paid by Sottile Security International, Inc. as damages for Sottile Security International, Inc.'s violations of the NYLL and Minimum Wage Order's minimum wage provisions.

49. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff and the

members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

50. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Sottile Security International, Inc., as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

51. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

52. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of Sottile Security International, Inc.'s above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

53. Despite the hours worked by Plaintiff and the members of the New York Class, Sottile Security International, Inc. willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

54. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

55. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Sottile Security International, Inc., as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (12 N.Y.C.R.R. § 142-2.4: Spread of Hours)

56. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

57. At all relevant times, Plaintiff and Collective Members were "employers" within the meaning of 12 N.Y.C.R.R. §§ 142.

58. At all relevant times, Plaintiff is or was an "employee" within the meaning of 12 N.Y.C.R.R. §§ 142.

59. At all relevant times, Plaintiff is not or was <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. §§ 142.

60. Sottile Security International, Inc. failed to compensate Plaintiff the legally mandated spread of hours pay for days in which he worked in excess of ten (10) hours.

61. These practices were willful and lasted for the duration of the relevant time periods.

62. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

### SIXTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements)**

63. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

64. During the relevant time period, Sottile Security International, Inc. failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

65. Sottile Security International, Inc.'s violation of the NYLL was willful and, as a result, Sottile Security International, Inc. is liable to Plaintiff and the members of the New York Class in the amount of $250 per violation, up to 5,000 for each class member.

66. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Sottile Security International, Inc.'s reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

67. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

68. During the relevant time period, Sottile Security International, Inc. failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

69. Sottile Security International, Inc.'s violation of the NYLL was willful and, as a result, Sottile Security International, Inc. is liable to Plaintiff and the members of the New York Class in the amount of $250 per violation, up to 5,000 for each class member.

70. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Sottile Security International, Inc.'s reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Sottile Security International, Inc. and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

13

      B.     A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

      C.     That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

      D.     That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

      E.     An award to Plaintiff for all damages which Plaintiff have sustained as a result of Sottile Security International, Inc.'s conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Sottile Security International, Inc.'s improper practices;

      F.     An award to Plaintiff of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

      G.     An award to Plaintiff of the amount of unpaid wages, including interest thereon, and penalties;

      H.     An award to Named Plaintiff of all applicable statutory damages to which they are entitled;

      I.     An award to Plaintiff of exemplary and punitive damages in an amount commensurate with Sottile Security International, Inc.'s ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

      J.     An award to Plaintiff for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

      K.     An award to Plaintiff of pre-judgment and post-judgment interest, as provided by law; and

L. Any other and further relief as this Court finds necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: March 12, 2018
New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: *Erica Sanders*
Erica Sanders
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
erica@ottingerlaw.com

*COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*